# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO REYNAGA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 1:07-cv-1465 AWI<br><br>(No. 1:06-cr-271 AWI)<br><br>ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255 AND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Crim. Doc. No. 96) |

Pursuant to a plea agreement, on June 4, 2007, Petitioner pled guilty to two counts of 21 U.S.C. § 843(b), using a communication facility in the commission of a drug trafficking offense. Criminal Docket Doc. Nos. 64, 65, 75. As part of the plea agreement, Petitioner agreed to waive his right to appeal, his right to file a motion under § 2255, and his right to request further downward departures, and also agreed to a minimum sentence of 70 months. See id. at Doc. No. 64 at ¶¶ 2(c), (g). Petitioner was sentenced to 70 months total confinement on June 4, 2007, and Judgment and commitment were entered on June 15, 2007. See id. at Doc. Nos. 75, 78. Petitioner filed this 28 U.S.C. § 2255 motion on October 10, 2007. See id. at Doc. No. 96.

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the

prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

Here, Petitioner seeks an additional downward departure based on his deportation status as an alien. Petitioner also states that aliens are deprived of certain opportunities and privileges that are afforded to citizens, such as a reduction in sentence for participation in a drug program and availability of a half way house. Relief is not warranted.

First, Petitioner signed a plea agreement in which he expressly agreed that his minimum sentence would be 70 months, that he would not seek further downward departures, and that he would not file a § 2255 motion. See Court's Docket Doc. No. 64 at ¶¶ 2(c), (g). Plea agreements will be enforced as long as they are unambiguous and voluntarily made. See United States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Petition does not address the plea agreement or argue that the agreement was involuntary, and the language of the plea agreement is clear. See Court's Docket Doc. No. 64 at ¶¶ 2(c), (g). The plea agreement precludes the relief that he seeks. See Jeronimo, 398 F.3d at 1153-54; Abarca, 985 F.2d at 1014. Second, a "court generally may not correct or modify a prison sentence once it has been imposed" unless permitted by statute or Rule of Criminal Procedure 35. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). Petitioner has not shown either that the Court has the ability to grant a further downward departure or alleged

sufficient facts to show that an additional downward departure would be applicable. See Penna, 319 F.3d at 511; Howard, 381 F.3d at 877; Hearst, 638 F.2d at 1194. Third, there is no indication that Petitioner appealed his sentence and a "petitioner may not collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a direct appeal." Johnson v. United States, 362 F.3d 636, 638 (9th Cir. 2004). Fourth, exclusion from a prison's various drug treatment programs or community confinement programs due to one's status as deportable alien does not violate the Constitution. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999); Rodriguez-Carrillo v. United States, 2009 U.S. Dist. LEXIS 22998 (D. Idaho 2009); United States v. Franco-Saenz, 2007 U.S. Dist. LEXIS 8384 (D. Ariz. 2007); Bazua-Aviles v. Andrews, 2006 U.S. Dist. LEXIS 60644 (E.D. Cal. 2006). Simply put, relief under § 2255 is not appropriate.

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is DENIED, and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

**Dated:   May 12, 2009**           /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE

3